**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JESSIE EARL MASSEY #649700** | § | |
| | § | |
| **V.** | § | **A-11-CA-1013-LY** |
| | § | |
| **RISSIE OWENS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No.1) and Defendant's Motion for Summary Judgment (Document No. 13).  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I.  BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Ben Reid Facility in Houston, Texas.  Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging sex-offender conditions (Conditions X) were imposed without due process upon his release to parole for a non-sexual offense.[1]  He seeks injunctive relief and monetary damages.

Defendant Owens moves for summary judgment, explaining Plaintiff was previously convicted of indecency with a child.  Accordingly, she argues Plaintiff was provided all the process

---

[1] Plaintiff's holding conviction was delivery of a controlled substance.

he was due.  In addition, she argues she is protected by absolute, Eleventh Amendment, and qualified immunity.  She also argues Plaintiff's complaint is time-barred.

## II. ANALYSIS

A.    Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  FED. R. CIV. P. 56.[2]

Both movants and non-movants bear burdens of proof in the summary judgment process.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322, 106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses.  Id. at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that

---

[2]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.     Statute of Limitations

Defendant argues Plaintiff's complaint is time-barred. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).

In this case, Plaintiff knew Condition X was imposed on him on November 12, 2009. However, Plaintiff did not execute his civil rights complaint until November 22, 2011, after the limitations period had expired. Accordingly, Plaintiff's complaint is time-barred.

3

C.      Eleventh Amendment Immunity

Being sued in her official capacity for monetary damages, Defendant is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.  Green v. State Bar of Texas, 27 F.3d 1083,1087 (1994).

However, the Eleventh Amendment does not apply to a request for a federal court to grant prospective injunctive relief against state officials on the basis of federal claims; thus, a request for prospective injunctive relief against state officials or employees in their official capacities falls within an exception to Eleventh Amendment immunity.  See Ex parte Young, 209 U.S. 123, 149, 28 S. Ct. 441, 449-50 (1908).  In this case, Plaintiff has failed to allege a valid constitutional violation.

Defendant Owens provides the Court with summary judgment evidence proving Plaintiff was convicted of indecency with a child in Cause No. 17650 in the 336th Judicial District Court of Fannin County, Texas.  In a case such as this, the standard governing due process was made clear by the Fifth Circuit in Jennings v. Owens, 602 F.3d 652 (5th Cir. 2010).  As set forth therein, a liberty interest sufficient to invoke the protections of due process is implicated when an offender suffers a change in the conditions of confinement which is both stigmatizing and qualitatively different from the punishment characteristically suffered by a person convicted of a crime.  Id. at

657-58.  The court made clear a finding of stigma required an offender to be subjected to a label which was false.  Id. at 658.  The Fifth Circuit recognized the sex-offender conditions imposed by Texas were qualitatively different than other conditions attending an inmate's release.  Id. at 658.  The Fifth Circuit further recognized the conditions would cause stigma "if they were imposed on an individual who . . . had never been convicted of a sex offense."  Id. at 659.  However, the court concluded stigma could not attach to Jennings as a result of the imposition of sex-offender conditions because the label of "sex offender" was not false as it accurately reflected his prior conviction history, a history he had a full and fair opportunity to contest at the time of his conviction.  Id. at 659.

As in Jennings, the conclusion in this case is inescapable.  The Fifth Circuit has made clear a parolee who has been previously convicted of a sex offense may be subject to labeling as a sex offender by Texas parole authorities without additional process being afforded.  As a convicted sex offender, Plaintiff has received all the process he is due.  As such, the sex-offender label is not false, and Plaintiff had a full and fair opportunity to contest his conviction.

D.    Qualified Immunity

Defendant is also entitled to qualified immunity.  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982).  Immunity in this sense means immunity from suit, not merely from liability.  Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992).  "Qualified immunity is designed to shield from civil liability all but the plainly

incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991). As explained above, Plaintiff has failed to allege a valid constitutional violation.

## II.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant's Motion for Summary Judgment.

## III. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);

Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

      To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      SIGNED this 31st day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE